REQUESTED BY: Dear Senator Haberman:
In your letter of April 10, 1979, you ask whether a proposed amendment to LB 103 would be constitutional. We conclude that it would not.
LB 103 would amend sections 77-602 to 77-604, 77-606, and 77-621, R.R.S. 1943. These sections deal with the central assessment of railroad property by the State Board of Equalization and Assessment. LB 103 would make some changes in the formula for determining the value of the property to be assessed by the state board. We do not believe that it is necessary for the purposes of this opinion to analyze the changes which would be made by sections 1 to 5 of LB 103. The proposed amendment would add a sixth section which would provide:
 "Notwithstanding any other provision of this act no governmental subdivision shall receive less revenue pursuant to sections 77-602 to 77-604, 77-606, and 77-621, after the effective date of this act than it did in 1978."
If we understand this proposed amendment correctly it would provide that any railroad company paying taxes pursuant to the enumerated sections of the statute would be required to pay at least as much to every political subdivision as it did in 1978, irrespective of what the specified formulas would indicate was due from it. In other words, despite any possible lowering of budgets or mill levies, decreases in assessed valuations, or even sale of the railroad property subject to the tax, the railroad would be obligated to each political subdivision in an amount at least as great as that paid in 1978. We do not see how such a provision could survive constitutional attack.
Article VIII, section 1, of the Nebraska Constitution requires taxes to be levied by valuation uniformly and proportionately. A requirement that a railroad pay more than the statutory formula would indicate could hardly be said to provide for uniformity of taxation. Such a provision would also appear to be in violation of the equal protection clause of the Fourteenth Amendment to the Federal Constitution, and would constitute unreasonable classification in violation of Article III, section 18, of the Nebraska Constitution. The amount of taxes a railroad paid to a particular subdivision in 1978 could hardly constitute the basis for a classification which would permanently saddle that railroad with a minimum tax.
We are therefore of the opinion that such a provision could not be successfully defendant against constitutional attack.